FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMONTE C. DAVIDSON,

    Defendant.

NO. 2:06-CR-00136-LRS-1

**MEMORANDUM OPINION**

**BEFORE THE COURT** is Defendant's Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act (ECF No. 181).

The Government concedes that Defendant's 2007 conviction for Conspiracy To Distribute 50 Grams Or More Of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, is covered by Section 404 of The First Step Act of 2018. As a result, the Government acknowledges Defendant's statutory mandatory minimum term of imprisonment has been reduced from 10 years to five years, and his maximum term of imprisonment has been reduced from life to 40 years.[1]

---

[1] Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 2 of the Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams with respect to the 5-year minimum, and from 50 grams to

**MEMORANDUM OPINION - 1**

This court found Defendant qualified as a career offender under the Sentencing Guidelines (U.S.S.G. §4B1.1) and therefore, that his Total Offense Level was 34 after a three level reduction for acceptance of responsibility. This resulted in a Sentencing Guidelines range of 262 to 327 months imprisonment because Defendant's career offender status put him in Criminal History Category VI. Pursuant to the Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement, however, the parties agreed to a guidelines range of 180 to 262 months. (ECF No. 126). The court sentenced Defendant to 192 months. (ECF No. 144).

Defendant contends that under current law he no longer qualifies as a career offender and therefore, his Base Offense Level would now be 28 based on a drug quantity of at least 196 grams but less than 280 grams of Cocaine Base. U.S.S.G. §2D1.1(c)(6). With a three level reduction for acceptance of responsibility and a Criminal History Category of IV, Defendant says his Sentencing Guidelines range would now be 84-105 months.

The Government disagrees. It contends Defendant is not entitled to plenary re-sentencing that would eliminate his career offender status. According to the Government, because Defendant's statutory maximum term of imprisonment is now 40 years instead of life, his career offender Base Offense Level is reduced to 34 pursuant to U.S.S.G. §4B1.1(b)(2). With a three level reduction for acceptance of responsibility, the Government says Defendant's Total Offense Level is now 31, resulting in a Sentencing Guidelines range of 188-235 months based on a Criminal History Category of VI.

The court finds Defendant is not entitled to plenary re-sentencing under the First Step Act. 18 U.S.C. §3582(c) is the procedural vehicle through which this

---

280 grams with respect to the 10-year minimum. Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321 (2012).

**MEMORANDUM OPINION -**     2

court may modify an imposed term of imprisonment. 18 U.S.C. §3582(c)(1)(B) authorizes the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Neither the Fair Sentencing Act or the First Step Act "expressly" provide for plenary re-sentencing or for reconsideration of original sentencing determinations. *United States v. Potts*, 2019 WL 1059837 (S.D. Fla. March 6, 2019) at *2. The First Step Act allows the court only to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." *Id.*, citing Pub. L. No. 115-391, 132 Stat. 5194. In *Potts*, the court concluded that although the defendant was eligible for a reduced sentence under the Fair Sentencing Act, he was not entitled to a full re-sentencing and all other determinations made at the time of his sentencing, including his designation as a career offender, remained unchanged. *Id*. at *3. See also *United States v. Sampson*, ___ F.Supp.3d ___, 2019 WL 1141528 (W.D.N.Y. March 13, 2019) at *2 and *United States v. Davis*, 2019 WL 1054554 (W.D.N.Y. March 6, 2019) at *2 (First Step Act "contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act" and "[n]owhere does [it] expressly permit . . . plenary resentencing or sentencing anew . . . ."

Relief under the First Step Act is discretionary. The Act at §404(c) provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The 192 months terms of imprisonment imposed by this court falls within Defendant's recalculated Sentencing Guidelines range (188 to 235 months) and within the range agreed to by the parties in their 11(c)(1)(C) Plea Agreement (180 to 262 months). Nevertheless, in the absence of any evidence that Defendant has been a problem inmate during his incarceration, the court believes he is entitled to benefit from passage of The First Step Act which recognizes that individuals convicted and sentenced prior to passage of the Fair Sentencing Act of 2010 were also subject to disproportionately severe

**MEMORANDUM OPINION  -       3**

penalties for crack cocaine offenses.

Accordingly, the court will reduce Defendant's term of imprisonment from 192 months to 186 months, a term that falls within the range agreed to by the parties in their 11(c)(1)(C) Plea Agreement.

The court will enter an order ( Form AO247) consistent with this Memorandum Opinion. Copies of Form AO427 and this Memorandum Opinion will be provided to counsel of record, to the U.S. Probation Office, and to the U.S. Bureau of Prisons.

**DATED** this ___27th___ day of March, 2019.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge